Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| CARMEN VIGO RODRÍGUEZ<br><br>**Parte Recurrida**<br>v.<br><br>ANA MARGARITA DANIELS GIREAUD, RUDY ESCALERA DANIELS; LOS MENORES DE EDAD I.M.O.E. Y E.M.O.E., EN SU CARÁCTER DE PRESUNTOS LEGATARIOS, REPRESENTADOS POR SUS PADRES MIGUEL ORTA GARCIA Y RUDDYANNE ESCALERA OLIVENCIA;<br><br>**Parte Peticionaria**<br><br>SUCESIÓN DE JORGE LUIS MEDINA RAMÍREZ COMPUESTA POR LOURDES MEDINA GONZÁLEZ; LYDIA ESTHER MEDINA RAMÍREZ; SUCESIÓN DE CRUZ MARÍA MEDINA RAMÍREZ COMPUESTA POR HÉCTOR IVÁN MIRANDA MEDINA; PEDRO JUAN MEDINA RAMÍREZ; VÍCTOR MANUEL MEDINA RAMÍREZ; JOSÉ ANTONIO DANIELS GIREAUD; FULANO DE TAL; SUTANO DE TAL; MENGANO DE TAL Y PERENCEJO DE MÁS CUAL<br><br>**Parte con Interés** | TA2025CE00505 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2021CV08325<br><br>Sobre: Impugnación o Nulidad de Testamento |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 8 de octubre de 2025.

Comparece la parte peticionaria, compuesta por Ana Margarita Daniels Gireaud, Rudy Escalera Daniels; los menores de

edad I.M.O.E. Y E.M.O.E., en su carácter de legatarios, representados por sus padres Miguel Orta García y Ruddyanne Escalera Olivencia (en conjunto, parte peticionaria), mediante recurso instado el 25 de septiembre de 2025. Solicitan que revoquemos una orden notificada el 27 de agosto de 2025, mediante la cual el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan, ratificó en reconsideración su decisión de no autorizar la presentación de la reconvención de la parte peticionaria.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[1], resolvemos denegar la expedición del auto de *certiorari,* sin trámite ulterior.

**I.**

El 20 de diciembre de 2021, la señora Carmen Vigo Rodríguez (Sra. Vigo Rodríguez o recurrida) presentó ante el TPI una demanda de nulidad de testamento en contra de la parte peticionaria, solicitando la nulidad de un testamento otorgado por la señora Isabel Rebeca Daniels Gireaud (la Causante, fallecida en octubre de 2016) y la anulación del asiento registral sobre el bien inmueble ubicado en la urbanización Villa Nevárez, que fue legado a los menores de edad I.M.O.E. y E.M.O.E. en el aludido testamento. La recurrida alegó que actuaba en su capacidad de albacea de la sucesión de su esposo, el señor Carlos Rubén Daniels Gireaud (fallecido en marzo de 2019), quien era hermano y heredero de la Causante.

Luego de que el TPI denegara una moción de desestimación de la demanda, la parte peticionaria presentó su contestación el 24 de enero de 2023. Entre sus defensas afirmativas, adujo que la Sra. Vigo Rodríguez carecía de legitimación activa para impugnar el testamento, por ella no ser parte de la sucesión de la Causante y

---

[1] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

tampoco haber heredado de su esposo la causa de acción que pretende ejercer. En específico, indicó que "[t]odas las gestiones relacionadas a la sucesión de la causante fueron realizadas por quien en vida fuera su esposo, Carlos Rubén Daniels Gireaud en carácter privativo y no son parte del caudal relicto de éste".[2]

Luego de varios trámites procesales, el 31 de mayo de 2024, el TPI notificó una *Sentencia*[3] en la que declaró con lugar una *Moción de Sentencia Sumaria* presentada por la Sra. Vigo Rodríguez y, en consecuencia, decretó la nulidad del testamento y ordenó la anulación del asiento de inscripción a favor de los menores I.M.O.E. y E.M.O.E. en el Registro de la Propiedad respecto al inmueble de Villa Nevárez.

Inconformes con la decisión, la parte aquí peticionaria acudió a este Tribunal y presentó un recurso de apelación. El 30 de septiembre de 2024, este panel del foro apelativo revocó la *Sentencia* sumaria apelada.[4] Concluyó que el récord no le permitía al TPI determinar, por la vía sumaria, si, antes de fallecer, el señor Carlos Rubén Daniels Gireaud consintió a una determinada forma de dividir los bienes de la Causante y, de esa forma, renunció a la causa de acción de nulidad de testamento que la Sra. Vigo Rodríguez pretende ejercer, o si, por el contrario, ésta heredó de su esposo la aludida causa de acción. Por tanto, remitió el caso al foro primario para que se dilucidara la controversia mediante descubrimiento de prueba y, de ser necesario, a través de un juicio plenario. La Secretaría de este Tribunal notificó el mandato el 5 de diciembre de 2024.[5]

---

[2] *Contestación a Demanda*, defensa afirmativa número 9. Entrada 33.
[3] Entrada 63.
[4] *Carmen Vigo Rodríguez v. Ana Margarita Daniels Gireaud y otros,* KLAN202400694. Entrada 69.
[5] Entrada 70.

Devuelto el asunto al TPI, durante la vista de conferencia sobre el estado de los procedimientos de 14 de mayo de 2025[6], la representación legal de la parte peticionaria argumentó su teoría de falta de legitimación activa de la Sra. Vigo Rodríguez. También informó su interés en presentar una reconvención en daños y perjuicios. El TPI ordenó a la parte peticionaria presentar sus planteamientos por escrito.

Así, el 26 de agosto de 2025, la parte peticionaria instó ante el TPI una *Solicitud de Autorización para Presentación de Reconvención*[7], así como el escrito de *Reconvención*[8]. Reclamó por los daños sufridos a consecuencia de la radicación del pleito, incluidos la privación del disfrute y frutos de la propiedad legada, y gastos adicionales de vivienda y preservación del inmueble.

Sometido el asunto, el 27 de agosto de 2025, el TPI notificó la *orden* que se transcribe a continuación:

> Examinado el expediente del caso de autos, no se justifica el autorizar la presentación de la reconvención; por lo que se declara No ha lugar la solicitud [86]. En la vista de estado de los procedimientos señalada para esta fecha, el tribunal impartirá las instrucciones para la continuación del caso.[9]

Ese mismo día, en su *Moción de Reconsideración,* la parte peticionaria solicitó al TPI que expresara los fundamentos que sustentaban su determinación.[10]

Entonces, también el 27 de agosto de 2025, el TPI notificó la siguiente *orden*:

> En el presente caso ANA MARGARITA DANIELS GIREAUD, RUDY ESCALERA DANIELS; los menores de edad I.M.O.E y E.M.O.E., representados por sus padres MIGUEL ORTA GARCÍA y RUDDYANNE ESCALERA OLIVENCIA presentaron su contestación a la demanda el 24 de febrero de 2023 [33]. Transcurridos más de dos (2) años, ahora solicitan permiso para presentar una reconvención sin traer un elemento que el tribunal pueda considerar de peso para permitir tal

---

[6] *Minuta*, entrada 79.
[7] Entrada 86.
[8] Entrada 87.
[9] Entrada 88.
[10] Entrada 90.

reconvención y basándose en el mismo pleito que se encuentra ante la consideración del tribunal. En todo caso, lo que procedería en su momento, del tribunal desestimar este caso, sería la consideración de imposición de honorarios de abogado por temeridad contra la demandante, no imponer daños y perjuicios basados en el mismo pleito. Por lo anterior, además de que el caso de autos se encuentra en un estado procesal en el cual ha culminado el descubrimiento de prueba para la celebración de vista evidenciaria, la cual podría dirimir el asunto de legitimación activa traído por los demandantes (sic), no procede autorizar la reconvención solicitada.

Por tanto, se declara No ha lugar a MOCIÓN DE RECONSIDERACIÓN [90]. [11]

Subsiguientemente, en la vista sobre el estado de los procedimientos de 2 de septiembre de 2025[12], el TPI señaló para el 20 de octubre de 2025 la vista evidenciaria para atender el planteamiento de legitimación activa.

Luego, el 25 de septiembre de 2025, la parte peticionaria presentó el recurso de autos y esbozó los siguientes señalamientos de error:

A. Erró el TPI al denegar la solicitud de autorización para presentar reconvención, al concluir que "no se justifica" sin proveer fundamento jurídico suficiente y al rechazar la reconvención a pesar de que en la vista del 14 de mayo de 2025 ordenó expresamente a los peticionarios presentar por escrito sus planteamientos de reconvención.

B. Erró el TPI al ignorar que la demanda adolece de falta de legitimación activa, defecto que puede y debe ser atendido *motu proprio* por el tribunal.

C. Erró el TPI al incumplir su deber de proteger los mejores intereses de los menores codemandados, al privarlos de la posibilidad de reclamar por los daños concretos sufridos durante la pendencia del pleito.

D. Erró el TPI al contravenir principios de economía procesal y acceso a la justicia, forzando a los peticionarios a fragmentar el litigio y obligando iniciar un pleito independiente en lugar de adjudicar las reclamaciones en un solo procedimiento.

---

[11] Entrada 91.
[12] *Minuta,* entrada 92.

**II.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[13]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.[14] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la

---

[13] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[14] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019).

luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[15], se justifica nuestra intervención. Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[16]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[17] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

---

[15] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, supra, págs. 59-60, 215 DPR __ (2025).
[16] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).
[17] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

**B.**

El Tribunal Supremo ha establecido que los foros revisores no interfieren con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[18] Además, se requiere que la intervención en esta etapa evite un perjuicio sustancial.[19]

La discreción judicial se define como "'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera'".[20] El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad.[21] Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[22]

El Tribunal Supremo ha expresado que un tribunal abusa de su discreción:

> [...] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[23]

---

[18] *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* supra, pág. 155.

[19] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

[20] *Rivera et al. v. Arcos Dorados et al.,* supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 657–658 (1997).

[21] *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 272 (2021); *Rivera y otros v. Bco. Popular,* supra.

[22] *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 435 (2013); *Bco. Popular de P.R. v. Mun. de Aguadilla,* supra, pág. 658.

[23] *SLG Zapata Rivera v. J.F. Montalvo,* supra, citando a *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009).

## c.

En un litigio, una parte podrá presentar una reclamación contra una parte adversa a través del mecanismo de la reconvención. Existen dos tipos de reconvenciones: las permisibles y las compulsorias.[24]

Las reconvenciones permisibles son aquellas reclamaciones que no surgen del mismo acto, omisión o evento que motivó la reclamación de la parte contra la que se presenta.[25]

Por su parte, la Regla 11.1 de Procedimiento Civil[26] establece que la reconvención denominada como compulsoria contendrá cualquier reclamación contra la parte adversa, siempre que surja del acto, omisión, o del evento que motivó la reclamación de la parte adversa y no requiera para su adjudicación la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción. De tal forma, una parte que tenga una reclamación que se derive del mismo acto, omisión o evento objeto de una demanda, deberá notificar a su contraparte una reconvención al momento de presentar su alegación responsiva.[27] La razón de ser de este mecanismo procesal es evitar la multiplicidad de pleitos al disponer de un mecanismo para resolver todas las controversias comunes en un solo procedimiento.[28]

Por consiguiente, si la parte demandada no presenta una reconvención compulsoria, no podrá posteriormente presentar una acción independiente basada en el mismo evento que motivó la acción original.[29] El requerimiento tiene que ceñirse a reclamaciones

---

[24] *Consejo Titulares v. Gómez Estremera et al.*, 184 DPR 407, 423-424 (2012); *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322, 332 (2010).

[25] Regla 11.2 de Procedimiento Civil, 32 LPRA Ap. V, R, 11.2; *Consejo Titulares v. Gómez Estremera et al.*, supra, pág. 424.

[26] 32 LPRA Ap. V, R. 11.1.

[27] *Consejo Titulares v. Gómez Estremera et al.*, supra; *Neca Mortg. Corp. v. A & W Dev. S.E.*, 137 DPR 860, 866 (1995).

[28] *Neca Mortg. Corp. v. A & W Dev. S.E.*, supra, pág. 867.

[29] *Consejo Titulares v. Gómez Estremera et al.*, supra, pág. 425; *S.L.G. Font Bardón v. Mini-Warehouse*, supra, pág. 333; *Neca Mortg. Corp. v. A & W Dev. S.E.,* supra, pág. 867.

entre las partes, pues no permite que se añadan terceros. Si no se formula una reconvención compulsoria a tiempo se entenderá que se renuncia a la causa de acción que la motiva, y quedarán totalmente adjudicados los hechos y reclamaciones sin que el demandado pueda presentar posteriormente una reclamación que haya surgido de los mismos eventos.[30] Es decir, le será aplicable, por analogía, el principio de cosa juzgada, al efecto de que será concluyente entre las partes sobre aquellos asuntos que pudieron haber sido planteados y no lo fueron.[31]

Ahora bien, a pesar de que las Reglas de Procedimiento Civil establecen que una reconvención compulsoria se debe presentar al momento en que la parte demandada presente su alegación responsiva, existen dos (2) excepciones para relevar a la parte demandada a presentarla junto a la contestación a la demanda.[32] Estas excepciones son: (1) presentar una reconvención compulsoria mediante una alegación suplementaria (Regla 11.4 de Procedimiento Civil)[33] y (2) presentar una reconvención compulsoria a través de una solicitud de enmienda a su alegación (Regla 11.5 de Procedimiento Civil)[34]. *Íd.* En lo pertinente, esta última excepción se reconoce "en aquellos casos en los que una parte deje de formular una reconvención en su contestación a la demanda por descuido, inadvertencia o negligencia excusable, o cuando así lo requiera la justicia".[35]

La facultad de los Tribunales para permitir enmiendas a las alegaciones es liberal y amplia ya que existe en nuestra jurisdicción una clara política judicial a favor de que los casos se ventilen en sus

---

[30] *S.L.G. Font Bardón v. Mini-Warehouse*, supra, pág. 333; *Neca Mortg. Corp. v. A & W Dev. S.E.*, supra, pág. 867.

[31] *Consejo Titulares v. Gómez Estremera et al.*, supra, pág. 425.

[32] *SLG Font Bardón v. Mini-Warehouse*, supra, pág. 333.

[33] 32 LPRA Ap. V, R. 11.4.

[34] 32 LPRA Ap. V, R. 11.5.

[35] *Íd.*, pág. 334.

méritos.[36] Sin embargo, esta liberalidad no es infinita.[37] Cuando los Tribunales vayan a determinar si conceden o no las enmiendas a las alegaciones, tiene que considerar los siguientes factores en conjunto: (1) el impacto del tiempo transcurrido previo a la enmienda; (2) la razón de la demora; (3) el perjuicio a la otra parte, y, por último; (4) **la procedencia de la enmienda solicitada**.[38]

Tomando en consideración lo anterior, el Tribunal Supremo ha resuelto que el paso del tiempo no impide que el tribunal admita una enmienda por lo que aún en etapas avanzadas del procedimiento, por ejemplo, la Conferencia con Antelación al Juicio, el Tribunal puede permitir que se realicen enmiendas a las alegaciones.[39] También hay que tener en cuenta que el factor más relevante al momento de evaluar una solicitud de autorización para enmendar es el perjuicio que esta le pueda causar a la parte contraria.[40] Así pues, si la enmienda altera radicalmente el alcance y la naturaleza del caso, convirtiendo la controversia inicial en tangencial, el permiso para concederla debe ser denegado.[41] A pesar de ello, el cambio de teoría de por sí no es suficiente para denegar el permiso, a menos que este cause perjuicio a la parte contraria.[42]

### D.

En nuestra jurisdicción no se reconoce la existencia de una acción civil de daños y perjuicios como consecuencia de un pleito civil.[43] En ausencia de disposición expresa que conceda una causa de acción, la sanción judicial por el uso indebido de los procedimientos legales se traduce en la condena en costas y

---

[36] *Íd.*
[37] *Íd.*
[38] *Íd.*, seguido en *Colón Rivera v. Wyeth Pharm.,* 184 DPR 184, 198-199 (2012).
[39] *SLG Font Bardón v. Mini-Warehouse,* supra, pág. 335.
[40] *Íd.*; *Colón Rivera v. Wyeth Pharm.,* supra, pág. 199.
[41] *SLG Font Bardón v. Mini-Warehouse,* supra*,* págs. 335-336; *Colón Rivera v. Wyeth Pharm.,* supra.
[42] *SLG Font Bardón v. Mini-Warehouse,* supra*,* pág. 336; *Colón Rivera v. Wyeth Pharm.,* supra, págs. 199-200.
[43] *García v. E.L.A.,* 163 DPR 800, 810 (2005).

honorarios de abogado y cuando proceda, intereses legales por temeridad dentro del mismo pleito.[44]

**III.**

Al evaluar si debemos expedir el auto de *certiorari* presentado, nos corresponde determinar si el asunto planteado se encuentra dentro de las instancias que delimita la Regla 52.1 de Procedimiento Civil, *supra,* para que un dictamen interlocutorio sea susceptible de revisión por este Tribunal. La denegatoria de una moción solicitando autorización para presentar una reconvención no está dentro de las materias descritas en la aludida Regla. De igual modo, a poco examinar los criterios esbozados en la Regla 40 de nuestro Reglamento, *supra,* nos percatamos que tampoco están presentes las circunstancias para ejercer nuestra facultad revisora en la resolución interlocutoria recurrida.

En el presente caso, el TPI no permitió la presentación de la reconvención y expuso las razones para su determinación. Al examinar el expediente de autos, colegimos que no concurre criterio en ley que nos permita sustituir lo resuelto por el TPI en la determinación recurrida. La decisión no manifiesta error alguno en la interpretación y aplicación del derecho, así como tampoco un abuso de la discreción que le asiste al tribunal en su quehacer judicial. El foro primario actuó de manera correcta, razonable y cónsono con lo dispuesto en el ordenamiento procesal sobre los criterios a aplicarse en la consideración del mecanismo de reconvención invocado por la parte peticionaria.

En cuanto al planteamiento de legitimación activa, adviértase que éste será justipreciado por el TPI en la vista del 20 de octubre de 2025. La parte peticionaria tampoco demostró que abstenernos de expedir el presente recurso conllevaría un fracaso de la justicia.

---

[44] *Giménez Álvarez v. Silén Maldonado,* 131 DPR 96-97 (1992).

Cónsono con lo anterior, y en ausencia de los criterios contemplados en la Regla 40 de nuestro Reglamento, *supra,* no intervendremos con el dictamen recurrido.

## IV.

En virtud de expuesto, denegamos la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones